UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSE ELIJAH ROGERS,

    Plaintiff,

v.        Case No. 5:18cv201-MCR-CJK

CITY OF BONIFAY, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff is an inmate of the Holmes County Jail in Bonifay, Florida. (Doc. 4, p. 2). He has filed an amended civil rights complaint (doc. 4) and a motion to proceed *in forma pauperis* (doc. 5). After reviewing the complaint and plaintiff's litigation history, the court concludes this case should be dismissed under 28 U.S.C. § 1915(g) because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the full filing fee upon initiation of this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner[*] from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3

---

[*] Under 28 U.S.C. § 1915, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

> or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates a lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Rogers v. Sheriff John Tate*, Case No. 5:17cv161-MCR-GRJ (N.D. Fla. July 10, 2017) (dismissing case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and assessing plaintiff a "strike" pursuant to 28 U.S.C. § 1915(g)); *Rogers v. Holmes Cty. Bd. of Cty. Comm'rs*, Case No. 5:17cv294-MCR-EMT (N.D. Fla. Jan. 5, 2018) (dismissing case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and assessing plaintiff a "strike" under 28 U.S.C. § 1915(e)); *Rogers v. John Tate*, Case No. 5:17cv270-

MCR-EMT (N.D. Fla. Jan. 23, 2018) (dismissing case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and assessing plaintiff a "strike" under 28 U.S.C. § 1915(e)).  The foregoing cases may be positively identified as having been filed by plaintiff, because they bear his inmate number, 590268959.

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The amended complaint contains allegations concerning plaintiff's possessory interest in various properties, and the events that led to plaintiff being charged with burglary, trespass, and criminal mischief.  (Doc. 4).  The allegations are not sufficient to show plaintiff is under imminent danger of serious physical injury.  Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 5) be DENIED.

2. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

3. That the clerk be directed to close the file.

Case No. 5:18cv201-MCR-CJK

At Pensacola, Florida, this 18th day of September, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 5:18cv201-MCR-CJK